# UNITED STATES DISTRICT COURT

District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>EBERE C. ADIGHIBE | )   **JUDGMENT IN A CRIMINAL CASE**<br>)<br>)<br>)   Case Number:   10-009-01 (PLF)<br>)<br>)   USM Number: 31503-016<br>)<br>)   Richard A. Seligman |

**FILED**

**NOV 1 4 2012**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1 and 10 of the Indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 371 & 2 | Conspiracy and Aiding and Abetting and Causing an Act to be Done | 12/31/2007 | 1 |

(Continued on page 2.)

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   2 through 9 & 11 through 20   ☐ is   ☑ are   dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 14, 2012
Date of Imposition of Judgment

Signature of Judge

Paul L. Friedman      U. S. District Judge
Name and Title of Judge

November 14, 2012
Date

DEFENDANT:  EBERE C. ADIGHIBE
CASE NUMBER:  10-009-01 (PLF)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1344 & 2 | Bank Fraud and Aiding and Abetting and Causing an Act to be Done | 12/6/2006 | 10 |

DEFENDANT:  EBERE C. ADIGHIBE
CASE NUMBER:  10-009-01 (PLF)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

One day, time served, on each of Counts 1 and 10 to run concurrently.

☐  The court makes the following recommendations to the Bureau of Prisons:

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

  ☐  at _____  ☐ a.m.  ☐ p.m.  on _____ .

  ☐  as notified by the United States Marshal.

☑  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐  before 2 p.m. on  _____ .

  ☐  as notified by the United States Marshal.

  ☑  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____  to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: EBERE C. ADIGHIBE
CASE NUMBER: 10-009-01 (PLF)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Thirty-six (36) months on each of Counts 1 and 10 to run concurrently.

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable )*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable )*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable )*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:  EBERE C. ADIGHIBE
CASE NUMBER:  10-009-01 (PLF)

# ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall pay restitution in the amount of $110,456.77, jointly and severally with Victor Dimbo, and a $200.00 special assessment.

The Court finds that the defendant does not have the ability to pay a fine and, therefore, waives imposition of a fine in this case.

The special assessment and restitution are immediately payable to the Clerk of the Court for the United States District Court, District of Columbia. Within 30 days of any change of address, the defendant shall notify the Clerk of the Court of the change until such time as the financial obligations are paid in full. The Court waives any interest or penalties that may accrue on unpaid balances.

Restitution payments shall be made to the Clerk of the Court for the United States District Court, District of Columbia, for disbursement to the victims as follows:

$66,121.45
Citibank Attn: Angela Riechert
300 St. Paul Place - First Floor
Baltimore, MD 21202

$44,335.32
Wells Fargo Bank Attn: Fraud Investigations
Department #2038
Denver, CO 80291-2038

While on supervision, the defendant shall not possess a firearm or other dangerous weapon, shall not use or possess an illegal controlled substance, and shall not commit another federal, state, or local crime. The defendant shall abide by the general conditions of supervision adopted by the U. S. Probation Office, as well as the following special conditions:

Pursuant to 42 U.S.C. § 14135a, for all felony offenses, the defendant shall submit to the collection and use of DNA identification information at the direction of the U. S. Probation Office.

The defendant shall reside in, and observe the rules of, a residential re-entry center (RRC) for a period of ninety days, as approved and directed by the U. S. Probation Office. The defendant shall report to the residential re-entry center (RCC) no earlier than November 26, 2012. If removed from the United States and returned to Liberia before the expiration of the ninety day term, the Court will waive the remaining time at the RCC.

The Court finds that the provision for submission of periodic drug tests, as required under 18 U.S.C. § 3563(a) and 3583 (b), is suspended, as the defendant is believed to pose a low risk of future substance abuse.

The defendant shall contribute 200 hours of community service, at a rate of no less than 20 hours per month, after his release from the residential re-entry center (RCC), but during the first 24 months of supervised release, as directed by the Probation Office.

The defendant shall pay the balance of any restitution owed at a rate of no less than $300.00 each month and provide verification of same to the Probation Office.

The defendant shall provide the Probation Office with his income tax returns, authorization for release of credit information, and information about any business or finances in which he has a control or interest.

DEFENDANT: EBERE C. ADIGHIBE
CASE NUMBER: 10-009-01 (PLF)

# ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the Bureau of Immigration and Customs Enforcement's immigration process. If deported, the defendant shall not re-enter the United States without legal authorization during the period of supervision. Should the defendant receive permission to return to the United States, he shall report to the U. S. Probation Office in the area where he intends to reside within 72 hours of his return.

The Probation Office shall release the presentence investigation report and/or Judgment and Commitment Order to the Bureau of Immigration and Customs Enforcement (ICE) to facilitate any deportation proceedings.

Pursuant to Rule 32.2(a) of the Fed. Rules of Crim. Proc., the defendant is ordered to forfeit all interests of a money judgment in the amount of $110,456.77.

The Probation Office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court. Treatment agencies shall return the presentence report to the Probation Office upon the defendant's completion or termination from treatment.

DEFENDANT:  EBERE C. ADIGHIBE
CASE NUMBER:  10-009-01 (PLF)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|          | **Assessment** | **Fine** | **Restitution** |
|----------|---------------|----------|-----------------|
| **TOTALS** | $ 200.00 | $ 0.00 | $ 110,456.77 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|------------------|-------------------------|----------------------------|
| See page 5 of this Judgment. | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page ___8___ of ___8___

DEFENDANT:  EBERE C. ADIGHIBE
CASE NUMBER:  10-009-01 (PLF)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    ☐    Lump sum payment of $ _____ due immediately, balance due

          ☐    not later than _____ , or
          ☐    in accordance      ☐  C,   ☐  D,   ☐   E, or   ☐  F below; or

B    ☐    Payment to begin immediately (may be combined with    ☐ C,      ☐ D, or   ☐ F below); or

C    ☐    Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of  $ _____ over a period of
          _____ *(e.g., months or years),* to commence _____ *(e g , 30 or 60 days)* after the date of this judgment; or

D    ☐    Payment in equal _____ *(e.g , weekly, monthly, quarterly)* installments of  $ _____ over a period of
          _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
          term of supervision; or

E    ☐    Payment during the term of supervised release will commence within _____ *(e.g , 30 or 60 days)* after release from
          imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☑    Special instructions regarding the payment of criminal monetary penalties:

          See pages 5, 6, and 7 of this Judgment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑    Joint and Several

          Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

          Restitution to be paid in the amount of $110,456.77 joint and several with co-defendant, Victor Dimbo, 1:10-cr-009-02 (PLF).

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☑    The defendant shall forfeit the defendant's interest in the following property to the United States:

          Pursuant to Rule 32.2(a) of the Fed. Rules of Crim. Proc., the defendant is ordered to forfeit all interests of a money judgment in the amount of $110,456.77.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.